IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

James Madison Project,        )
                              )
        Plaintiff,             )
                              )
    v.                        )   Case No. 1:08cv1323(GBL)
                              )
Central Intelligence Agency,  )
                              )
        Defendant.             )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Central Intelligence Agency's ("CIA") Motion for Summary Judgment. This case concerns Plaintiff James Madison Project's ("JMP") Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, action for disclosure of CIA records. The issue before the Court is whether Plaintiff's FOIA request reasonably described the records being sought.

The Court grants Defendant CIA's Motion for Summary Judgment because Categories One, Three, and Four of Plaintiff's FOIA request are not sufficiently described to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. The Court discusses Categories One, Three, and Four of the request in greater detail below.[1]

---

[1] The CIA moved for summary judgement as to all six categories of Plaintiff's request. However, Plaintiff conceded in its Opposition to Defendant's Motion for Summary Judgment that the CIA performed a reasonable search for records responsive to Categories Five and Six. (Pl.'s Opp'n at 1 n.2.) Plaintiff withdrew its challenge to Category Two "as an administrative matter." (Pl.'s Opp'n at 25 n.27.) Plaintiff ultimately

I. BACKGROUND

The James Madison Project is a non-profit organization that works to educate the public on issues relating to intelligence and national security through means of research, advocacy, and dissemination of information. The Central Intelligence Agency is an "agency" within the meaning of FOIA. 5 U.S.C. § 552(e). Records within the control and/or possession of the CIA form the basis for this action.

By letter dated September 3, 2008, JMP submitted a FOIA request to the CIA seeking records within six different categories. The request sought "all internal CIA documents pertaining to":

> 1. The indexing and organizational structure of all CIA Systems of Records subject to FOIA;
>
> 2. All or part of the CIA's current organizational structure (excluding the National Clandestine Service), especially organizational charts, outlines, or other graphical representations;
>
> 3. Which CIA components are tasked with FOIA requests by IMS, especially with respect to which CIA offices are considered "components" by IMS for tasking purposes;
>
> 4. The search tools and indices employed by each CIA component when processing FOIA requests;

---

withdrew its challenge with respect to Categories Two, Five, and Six. (Pl.'s Opp'n at 10 n.9.) As such, the Court grants Defendant's Motion for Summary Judgment with respect to Categories Two, Five, and Six of Plaintiff's request. Presently, the Court need only determine whether Defendant is entitled to summary judgment as to Categories One, Three, and Four.

>    5. Discussions of the first and second recommendations made by JMP on May 18, 2008; and
>
>    6. Any other records pertaining to the subject material of the first and second JMP recommendations of May 18, 2008.

(Nelson Decl. Ex. 1.)

By letter dated September 25, 2008, the CIA acknowledged receipt of JMP's request. On October 22, 2008, JMP's Director of FOIA Operations contacted the CIA's FOIA Requester Service Center for a status update on JMP's request. The CIA indicated that the request was still being processed and that it could not provide a concrete date as to when the process would be completed.

On December 22, 2008, JMP brought the present action, asking the Court to order the CIA to disclose all records responsive to the six categories of its FOIA request. Shortly thereafter, by letter dated February 10, 2009, the CIA rejected Categories One through Four of JMP's FOIA request because "locating information responsive to these items of your request, as currently stated, would require the CIA to perform an unreasonably burdensome search." (Nelson Decl. Ex. 3.) The letter also stated that the CIA completed processing of Categories Five and Six, but that the CIA did not locate any documents responsive to those categories of JMP's request. (Nelson Decl. Ex. 3.)

On March 18, 2009, the CIA filed the present Motion for Summary Judgment as to all six categories of JMP's FOIA request. The Court must now determine whether Categories One, Three, and

Four reasonably describe the records sought under the FOIA.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247-48.  A "material fact" is a fact that might affect the outcome of a party's case.  *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

To obtain summary judgment in a FOIA action, an agency must show that, viewing the facts in the light most favorable to the requester, there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *See Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004); *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). FOIA cases are properly resolved on summary judgment after the agency has responded to the request. *See Hanson v. USAID*, 372 F.3d 286, 290 (4th Cir. 2004); *Wickwire*, 356 F.3d at 590. The Court may award summary judgment based solely upon the information provided in affidavits or declarations when the affidavits or declarations describe the search conducted, explain the basis for its response, and are not controverted by contrary

evidence in the record or evidence that the agency acted in bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Agency declarations are to be accorded a presumption of good faith. *See, e.g., Bowers v. U.S. Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991).

### III. ANALYSIS

The Court grants the CIA's Motion for Summary Judgment as to Categories One, Three, and Four of the request because JMP's FOIA request fails to reasonably describe the records being sought. FOIA mandates that "each agency, upon any request for records which i) reasonably describes such records; and ii) is made in accordance with published rules stating time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). According to the FOIA's legislative history, a description "would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *See Truitt v. U.S. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (quoting H.R. REP. NO. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6271); *see also Kowalczyk v. U.S. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (A request reasonably describes records if "the agency is able to determine 'precisely

6

what records are being requested.'") (quoting *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)).

Courts have identified at least three (3) ways in which a FOIA request can fail to reasonably describe the records sought. First, the description may be too vague to allow the agency to determine precisely what records are being requested. *See Hudgins v. Internal Revenue Serv.*, 620 F. Supp. 19, 21 (D. D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) ("[A]n agency is not required to have clairvoyant capabilities to discover the requestor's need.") (internal citations omitted). Second, "[b]road sweeping requests lacking specificity are insufficient." *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 104 (D. D.C. 2002). *See also Marks v. U.S. (Dep't of Justice)*, 578 F.2d 261, 263 (9th Cir. 1978) (discussing a number of courts that have held the same). Third, even where a request sufficiently describes the records sought, an agency is not required to comply with a request so broad that would impose an unreasonable burden upon the agency. *See Am. Fed. of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) ("An agency need not honor a request that requires an unreasonably burdensome search." (internal quotations omitted)).

The "reasonably describes" requirement exists because the "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives &*

7

*Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D. D.C. 1989). As such, "it is the requester's responsibility to frame requests with sufficient particularity to ensure the searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives*, 720 F. Supp. at 219 (internal citations omitted).

Here, the Court holds that Categories One, Three, and Four of JMP's FOIA request fail to reasonably describe the records sought for the reasons stated below.

A. *Category One - all documents pertaining to FOIA system of records*

The Court finds that Category One of JMP's FOIA request fails to reasonably describe the records sought. Category One of Plaintiff's request seeks "all CIA documents pertaining to . . . [t]he indexing and organizational structure of all CIA Systems of Records subject to FOIA." (Nelson Decl. Ex. 1.) Category One fails for two (2) reasons: 1) the language of the request is overbroad and 2) it would place an unreasonable burden on the CIA to respond to the request.

1. Overbroad request

First, the language of Category One is too broad because the term "pertaining to" is synonymous to the term "relating to," which generally indicates an overbroad request. A request for "all documents 'relating to' a subject is usually subject to

8

criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion." *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989). Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." *Id.*

Here, JMP seeks records pertaining to the indexing and organizational structure of all CIA record systems. This request is too broad because every office of the CIA is within the reach of the FOIA's request provisions and each office could be expected to have a system of records and, consequently, responsive documents. (Nelson Decl. ¶ 17.) As a result, the CIA would be required to search every office for any documents remotely associated with *all* of its record systems to respond to the request. Such a request is clearly overbroad.

JMP's argument that the phrase "pertaining to" is not as broad as "relating to" is without merit. Various dictionaries define one term by incorporating the other. *See* BLACK's LAW DICTIONARY 381 (8th ed. 2004) (defining "pertain" as "to relate to" or "to concern"); THE RANDOM HOUSE DICTIONARY OF ENGLISH LANGUAGE 1447 (2d ed. 1987) (defining "pertain" as "to have reference or relation; relate"); AMERICAN HERITAGE DICTIONARY OF ENGLISH LANGUAGE (4th ed. 2006) (defining "pertain" as "to have reference;

9

relate"); WEBSTER'S REVISED UNABRIDGED DICTIONARY (1996) (defining "pertain" as "to have relation or reference to something"). As such, the language is overbroad.

### 2. Unreasonable burden on the CIA

Second, the Court finds that Category One places an unreasonable burden on the CIA. An agency need not reorganize its files "in response to a plaintiff's request in the form in which it was made. . ." *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978). Here, the CIA is a compartmentalized agency, restricting personnel access to information on a need-to-know basis. (Nelson Decl. ¶ 6.) Agency records are decentralized and compartmented for security reasons, which means that "each directorate Information Review Officer ("IRO") must determine which component(s) can be reasonably expected to possess responsive records." (Nelson Decl. ¶ 8.) The IRO then works with those components "to devise a search strategy tailored to the component's configuration of its record systems . . ." (Nelson Decl. ¶ 8.) Many of the personnel who conduct FOIA record system request searches are also responsible for searches in support of the component's daily mission. (Nelson Decl. ¶ 8.)

The CIA would face a massive undertaking if it were required to respond to Category One of the request. As mentioned above, every office of the CIA conceivably has a system of records. As a result, the IRO of each directorate would have to contact every

10

component within its directorate and tailor a search specific to that component's record system configuration. In short, *every* component of the CIA would be busy devising a search strategy to respond to Category One of the request. The FOIA was not intended to saddle agencies with this type of burden.

Based on its case-specific approach to FOIA requests, the CIA would potentially have to develop multiple strategies across all of its offices to locate all documents responsive to Plaintiff's broad request. Such an undertaking would be far too onerous and beyond the scope of any search contemplated under the FOIA. As such, the Court grants summary judgement in favor of the CIA as to Category One of Plaintiff's request.

B.  *Category Three - components tasked with FOIA requests*

The Court holds that Category Three is both overbroad and vague. Category Three seeks "all internal CIA documents pertaining to . . . 3) Which CIA components are tasked with FOIA requests by IMS, especially with respect to which CIA offices are considered "components" by IMS for tasking purposes." (Nelson Decl. Ex. 1.)

In addition to breadth problem created by the phrase "pertaining to," Category Three is vague because it fails to identify with particularity which documents are being requested. An agency need not look beyond the four corners of the request "for leads to the location of responsive documents." *Carter*,

11

*Fullerton, & Hayes, LLC v. FTC*, 601 F. Supp. 2d 728, 735 (E.D. Va. 2009) (internal citations omitted). A request may be deemed vague where an agency cannot "comprehend the nature of any records responsive to the request. . ." *Sands v. United States*, No. 94-0437-CIV, 1995 WL 552308, *5 (S.D. Fla. June 19, 1995). Vagueness, then, goes to an agency's ability to identify responsive documents based upon the description given. *See Yeager*, 678 F.2d at 326 (the "linchpin inquiry is whether the agency is able to determine precisely what records (are) being requested . . ."). Category Three is not really as much a request for records as it is an interrogatory or a question about CIA structure. Such a request is not a proper FOIA request for records. *Hudgins*, 620 F. Supp. at 21.

Here, Plaintiff seeks all documents pertaining to which components are tasked with FOIA requests and which offices are considered components for tasking purposes. This request asks a question about agency organization and is not a records request. As the CIA indicated, FOIA requests are handled on a case-specific basis and each component is equally likely to possess documents subject to FOIA provisions. (Nelson Decl. ¶¶ 15-16.) Because each component is equally subject to be tasked in response to a FOIA request, it is unclear which documents would be responsive to a request for documents "pertaining to" components tasked with FOIA requests. As such, the Court finds

12

that Category Three fails to reasonably describe the documents sought.

C.  *Category Four - Search Tools and Indices*

The Court finds that Category Four fails to reasonably describe the documents sought for reasons similar to Categories One and Three.  Category Four seeks "all internal CIA documents pertaining to . . . 4) The search tools and indices employed by each CIA component when processing FOIA requests."  (Nelson Decl. Ex. 1.)  As mentioned above, all components are subject to FOIA tasking because the way in which a request is processed is case specific.  Ostensibly, then, any search tool or index could be used to process FOIA requests.  Category Four appears to contemplate production of *all* documents pertaining to *all* search tools and indices used by the CIA.  Category Four is clearly overbroad and would place an unreasonable burden on the CIA.  As such, the Court grants summary judgment in favor of the CIA as to Category Four of Plaintiff's request.

IV. CONCLUSION

The Court grants Defendant CIA's Motion for Summary Judgment. The Court grants summary judgment as to Categories Two, Five, and Six as unopposed. The Court grants summary judgment as to Categories One, Three, and Four because they are overbroad and place an unreasonable burden on the CIA. Therefore, it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 31st day of August, 2009.

Alexandria, Virginia

08/ 31 /09

/s/
Gerald Bruce Lee
United States District Judge